NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLLEEN MARIE KAUWOH, | No. 16-56030 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01621-JLS-MDD |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM * |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 15, 2017**

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Colleen Marie Kauwoh appeals the district court's decision affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015), and we affirm.

At step five of the sequential analysis, the administrative law judge ("ALJ") did not err in relying on the testimony of a vocational expert.  The ALJ's residual functional capacity finding included a limitation of a sit/stand option.  Although the hypothetical question posed by the ALJ did not include this limitation, the vocational expert's testimony shows that she understood that Kauwoh had this limitation and she incorporated this limitation in identifying the jobs that Kauwoh could perform.  *See Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (holding that court will uphold ALJ's findings if their logic may reasonably be discerned); *cf. Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (holding that in order properly to rely on a vocational expert's testimony, the ALJ must present the expert with a hypothetical question that includes all of the limitations that the ALJ finds credible and supported by substantial evidence in the record).

**AFFIRMED.**